UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

H.M.R., JR. (XXX-XX-1395)  CIVIL ACTION NO. 09-cv-0475

VERSUS

U.S. COMMISSIONER SOCIAL  MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

**Introduction**

Plaintiff was born in 1965, has a high school education, and past work experience as a carpenter. He applied for disability benefits based on complaints including arthritis, obesity, and mental health problems. ALJ Osly F. Deramus[1] conducted a hearing and issued a written decision that analyzed the claim under the five-step sequential analysis. He found at step one that Plaintiff had not engaged in substantial gainful activity, and at step two he found that Plaintiff suffers from arthritis and obesity, which are severe impairments within the meaning of the regulations.[2]

---

[1] Counsel for Plaintiff filed a memorandum, but Plaintiff also filed a pro se memorandum. Plaintiff complains in his pro se submission that the Commissioner's memorandum refers to ALJ Charles Lindsay rather than ALJ Deramus. The Commissioner discusses the correct opinion by ALJ Deramus, but he apparently made an inadvertent reference to ALJ Lindsay, whose 2002 decision is also in the record. Tr. 49-59.

[2] Plaintiff argues in his pro se submission that the finding of a severe impairment at step two requires the ALJ to find him disabled. Plaintiff bases this on the ALJ's statement that a decision of disabled or not disabled at any step ends the review. A finding of a severe impairment at step two is not equal to a finding of disabled. It merely

The ALJ found at step three that the impairments did not meet or equal one of the listed impairments that are so severe they would require a finding of disabled without further analysis.

The ALJ then reviewed Plaintiff's testimony, the medical records, and other evidence and determined Plaintiff's residual functional capacity ("RFC"). He found that Plaintiff had the RFC to perform medium work, reduced by the ability to stand and/or walk for no more than two hours in an eight-hour workday; perform only occasional climbing of ramps, stairs, and ladders, and perform frequent stooping, crouching, crawling, kneeling, and balancing; and still further reduced by the requirement that he avoid exposure to workplace hazards such as dangerous moving machinery and unprotected heights.

The ALJ found at step four that Plaintiff's RFC did not allow him to perform his past work as a carpenter. He then turned to step five and, based on the testimony of a vocational expert ("VE"), found that Plaintiff's RFC permitted him to perform the demands of (1) assembler of buttons & notions and (2) escort vehicle driver, both of which exist in significant numbers in the national and Louisiana economies. Accordingly, Plaintiff was found to be not disabled.

---

means the applicant has some physical or mental impairment that is more than a slight abnormality and interferes with the individual's ability to work. If the applicant does not have such an impairment, he is not disabled. If he has such an impairment, the analysis goes on to the other steps of the analysis to determine whether the limitations caused by the severe impairment are enough to prevents the person from working.

About four months after the ALJ's decision, Plaintiff obtained a functional capacity evaluation from Steve Allison, Doctor of Physical Therapy. Tr. 245. Allison found that Plaintiff had the RFC to perform what he described as sedentary to restricted-light work, subject to certain restrictions set forth in a table. The table states that Plaintiff will, when sitting, need to stand and walk for 30 minutes each hour. When Plaintiff is standing, he will need to sit for 30 minutes each hour. Tr. 248. Plaintiff presented this report to the Appeals Council. The Council wrote that it had considered Plaintiff's arguments and the additional evidence but found no basis to change the ALJ's decision. Accordingly, the request for review was denied. Tr. 6-8. Pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Issue on Appeal**

Plaintiff's counsel argues that the Appeals Council erred because the Allison report deprives the ALJ's decision of substantial evidence.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

Allison's report states that Plaintiff needed to change between sitting and standing positions every 30 minutes, with walking also required if Plaintiff has been sitting, suggests a greater degree of limitation than reflected in the RFC found by the ALJ. The court's role in this procedural setting is to review the Commissioner's final decision to determine whether there is substantial evidence to support it. That assessment includes a review of the both the evidence before the ALJ and that submitted for the first time to the Appeals Council. Higginbotham v. Barnhart, 405 F.3d 332 (5th Cir. 2005). Accordingly, the other evidence relevant to Plaintiff's ability to sit and stand must be reviewed.

Dr. Robert Holladay, an orthopedic surgeon, performed a consultative examination. He found that Plaintiff was "physically capable of sitting, standing, or walking for at least six out of eight hours in the usual workday." He found that Plaintiff was capable of walking without benefit of a cane. Tr. 183-86.

Dr. John W. McDonald also performed a consultative examination. He observed that Plaintiff had an abnormal gait with mild limp and was able to slowly rise from a sitting position without assistance. Plaintiff reported to Dr. McDonald that he rarely sees a

physician. Dr. McDonald wrote that he found no evidence of any acute joint injury, although degenerative joint disease was likely given Plaintiff's previous occupation and obesity. He found that Plaintiff "should be able to sit for a full workday, but he may have limitations in his ability to walk and/or stand for a full workday." Tr. 187-91.

Dr. Gerald Dzurik, a state agency physician, completed a physical RFC assessment form. He found that Plaintiff could sit, stand, or walk for at least six hours of an eight-hour workday. Tr. 193.

Dr. Raymond Cush also performed a consultative physical examination. He wrote that Plaintiff's back and leg problems were associated with no documentation but there was some decreased range of motion. Plaintiff could walk without an assistive device. Dr. Cush found that Plaintiff could lift 50 pounds occasionally, 25 pounds frequently, and could stand and/or walk at least two hours in an eight-hour workday. Tr. 233-37.

The record contains three reports from physicians, one of whom was an orthopedic specialist, who examined Plaintiff and found abilities to sit, stand, and walk consistent with or even greater than the RFC assessed by the ALJ. There is also an assessment by a non-examining state agency physician that supports the RFC. Then there is the Allison report that finds limitations greater than in the RFC, including a requirement that Plaintiff requires the use of a cane for safe walking. The report from the physical therapist may be inconsistent with the RFC found by the Commissioner, but its presence in the record does not deprive the Commissioner's decision of substantial evidence. There were ample medical findings from

examining and non-examining physicians that strongly supported the Commissioner's decision with respect to Plaintiff's ability to sit, stand, and walk. The Allison report's rather extreme requirements of interruptions each half hour to stand and walk are not consistent with the medical evidence. Neither is the finding that Plaintiff requires a cane to walk.

The court has noted in a number of other decisions that these rather extreme limitations, which usually preclude most or all jobs, require a firm and explained foundation of the medical and other evidence. Bell v. Commissioner, 2009 WL 5125418 (W.D. La. 2009). That foundation is not present in this case, so the unexplained finding in a chart prepared by the physical therapist does not require reversal in the face of multiple sources of competing physician findings.[3] Accordingly, the Commissioner's decision is supported by substantial evidence, and a judgment will be entered affirming the decision. A judgment will be entered consistent with this ruling.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of August, 2010.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

---

[3] The court has reversed in similar cases where the Allison report undermined the RFC and there was no competing evidence from an examining source. That is not the situation in this case.